1    MICHAEL A. PANGELINAN
     SOPHIA SANTOS DIAZ
2    CALVO & CLARK, LLP
3    259 Martyr Street, Suite 100
     Hagåtña, Guam 96910
4    Tel: (671) 646-9355
     Fax: (671) 646-9403
5

6    Attorneys for Defendant
7    ANTONIO B. WON PAT INTERNATIONAL
     AIRPORT AUTHORITY, GUAM
8

9                    **IN THE DISTRICT COURT OF GUAM**
10                        **TERRITORY OF GUAM**
11

12   CITADEL T. SABLAN,                    Civil Case No. CV10-00013
13              Plaintiff,

**FILED**
DISTRICT COURT OF GUAM

JUL 06 2010

JEANNE G. QUINATA
CLERK OF COURT

Defendant Antonio B. Won Pat International Airport Authority, Guam ("GIAA") respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## I.    INTRODUCTION

Plaintiff Citadel Sablan ("Plaintiff") alleges that a single incident of alleged discrimination by a particular individual, acting alone, constitutes sexual discrimination for which she claims damages under Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e *et seq.*). Additionally, Plaintiff alleges that she has suffered discrimination for violations under the Age Discrimination in Employment Act of 1967 ("ADEA"). (Compl. at ¶ 1.) A plain reading of her complaint demonstrates that Plaintiff has failed to plead a cause of action for which she would be entitled to recovery.

First, with regard to her allegations that she has suffered discrimination in violation of Title VII, Plaintiff has failed to plead facts demonstrating that she is entitled to relief under any of the three theories of sexual discrimination: disparate impact, disparate treatment, or hostile work environment. Put simply, Plaintiff has utterly failed to satisfy the requirements of FRCP 8 in that Plaintiff has failed to make allegations "showing that [she] is ***entitled to relief*….**" FRCP 8(a)(2) (emphasis added).

Second, Plaintiff has failed to offer any allegations whatsoever demonstrating that she is entitled to relief under the ADEA. As such, Plaintiff's complaint should be dismissed pursuant to FRCP 12(b)(6) for failure to state claim upon which relief can be granted.

## II.   STANDARD FOR DISMISSAL UNDER FRCP 12(b)(6)

Dismissal is proper under FRCP 12(b)(6) where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Laguana v. Ishizaki*, 2006 WL 156955, at *1 (D. Guam 2006). In reviewing a complaint for dismissal under Rule 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *also see Larson v. Conewango Products, Corp.*, 2010 WL

1135987, at *1 (E.D. Cal. 2010) ("In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor.").

Generally, a complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984)). Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief…." FRCP 8(a)(2). Although the requirements under these simplified pleading rules are minimal, to survive a motion to dismiss, a plaintiff's complaint cannot rely on mere "labels and conclusions or a formulaic recitation of the elements of a cause of action…." *Kass v. Mineral County Comm'r,* 2010 WL 352727, at *1 (D. Nevada 2010) (quotation omitted) (*citing Ashcroft v. Iqbal,* 129 S.Ct. at 1949, 173 L.Ed.2d 868 (2009)). While "great specificity is ordinarily not required," the plaintiff must nevertheless "set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Shabazz v. Cole,* 69 F. Supp. 2d 177, 185 (D. Mass. 1999) (citations omitted); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 569, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (requiring the complaint to contain "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing Twombly,* 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Furthermore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir. 2001). Finally, the court is "not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network, et al.,* 18 F.3d 752, 754-55 (9th Cir. 1994); *Ashcroft,* 129 S. Ct. at

1  1949-1950 (writing that when reviewing a complaint on a motion to dismiss, "threadbare
2  recitals of the elements of a cause of action, supported by mere conclusory statements, do not
3  suffice.")

4  **III.    ARGUMENT**

5    **A.    Plaintiff fails to State a Claim for Sexual Discrimination under Title VII**

6          There are three types of employment discrimination prohibited by Title VII. "First, it
7  prohibits disparate treatment: intentional, unfavorable treatment of employees based on
8  impermissible criteria." *Wood v. City of San Diego,* 2010 WL 2382335, at *2 (S.D. Cal. 2010).
9  "Second, it prohibits practices with a discriminatory impact: facially neutral practices that have
10  a discriminatory impact and are not justified by business necessity." *Id.* The third type of
11  employment discrimination prohibited by Title VII is hostile work environment. *Holloway v.*
12  *Best Buy, Inc.,* 2009 WL 1533668, at *1 (N.D. Cal. 2009) ("A plaintiff may establish a violation
13  of Title VII by proving disparate treatment, disparate impact, or the existence of a hostile work
14  environment.")

15          Plaintiff's complaint contains just eleven statements of allegation. Only two allegations
16  are directed to the alleged discrimination of which Plaintiff complains, and none contain facts
17  that would support a claim under Title VII. Plaintiff's complaint does not even include a
18  statement of the type of employment discrimination she alleges to have been inflicted upon her.
19  As such, GIAA addresses each of the three possible theories of sexual discrimination below.

20          **1.    Plaintiff fails to plead facts showing she is entitled to relief under a**
21                  **disparate treatment theory**

22          "Title VII prohibits employment discrimination on account of race, sex, religion, and
23  national origin." *Gay v. Waiters and Dairy Lunchmen's Union, Local No. 30,* 694 F.2d 531,
24  536 (9th Cir. 1982). Title VII makes it unlawful for an employer—

25                  (1) to fail or refuse to hire or to discharge any individual, or
26                  otherwise to discriminate against any individual with respect to his
27                  ***compensation, terms, conditions, or privileges of employment,***
                    because of such individual's race, color, religion, sex, or national
28                  origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to ***deprive any individual of employment opportunities or otherwise adversely affect*** his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C.A. §2000e-2(a) (emphasis added).

"A plaintiff alleging disparate treatment must allege facts showing intentional discrimination. She must show that the employer intentionally treats some people ***less favorably*** than others because of their race, color, religion, sex, or national origin." *Wood,* 2010 WL 2382335, at *6 (emphasis added) (*citing Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 335 n.15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977)).

To make a *prima facie* case under Title VII for disparate treatment, a plaintiff must show that (1) she belongs to a protected class, (2) she performed according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) similarly situated individuals outside her protected class were treated more favorably. *See Chuang v. Univ. of California Davis, Bd. of Tr.,* 225 F.3d 1115, 1123 (9th Cir. 2000). The United States Supreme Court has stated that a plaintiff need not satisfy all elements of a *prima facie* case to survive a motion to dismiss. *Swierkwicz v. Sorema N.A.,* 534 U.S. 506, 510, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002). However, courts utilize the *prima facie* framework to determine whether plaintiffs have made allegations sufficient to satisfy the plausibility standard set forth in *Twombly* and *Iqbal, supra. See, e.g., Nguyen v. Starbucks Coffee Corp.,* 2008 WL 4892422, at *2 (N.D. Cal. 2008) ("[P]roper pleading of a Title VII claim generally requires, among other things, allegations that plaintiff: (1) belongs to a protected class; (2) was qualified for the position or benefit she sought; (3) was subject to an adverse employment action; and (4) similarly situated individuals outside the protected class were treated more favorably."); *Jackson v. New York State Dept. of Labor,* 2010 WL 1778769, at *7 (S.D.N.Y. 2010) (writing that while a *prima facie* showing was not necessary, plaintiff had failed to allege facts to plausibly suggest she had suffered an adverse employment action); *Chacko v. Worldwide Flight Serv., Inc.,* 2010 WL 424025, at *3 (E.D.N.Y 2010) (writing that while satisfaction of all

Cir. 1997); *also see Boone,* 178 F.3d at 253 ("Title VII liability can arise from a tangible employment action, which the Court defined to include not only hiring, firing, failing to promote, …[and] significant change in benefits, but also reassignment with significantly different responsibilities." (alterations original) (quotations omitted) (*citing Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 2268, 141 L.Ed.2d 633 (1998)). While there is no exhaustive list of what constitutes an adverse employment action, courts have been clear that the action must have an adverse effect on the employee.

> Courts have held that termination, demotion, denial of promotion, addition of responsibilities, involuntary transfer that entails objectively inferior working conditions, denial of benefits, denial of a requested employment accommodation, denial of training that may lead to promotional opportunities, and shift assignments that make a normal life difficult for the employee, among other things, constitute adverse employment actions.

*Little v. Nat'l Broad. Co., Inc.,* 210 F. Supp. 2d at 384.

Here, Plaintiff's substantive allegations are contained in the following paragraphs:

> 6.      On December 13, 2008 Plaintiff was requested to assist a Police Officer I of Guam Airport Ronie Cardines with the transport of a male arrestee.
> 7.      Thereafter, Guam Airport Police Acting Supervisor Manual Tiong instructed Plaintiff that Plaintiff could not perform the job duty as Plaintiff was a female person.
> …
> 10.     By the acts and omissions to act as heretofore set forth, Defendant Guam Airport has discriminated against Plaintiff in her employment by denying her the same terms and conditions of employment enjoyed by male employees of Defendant Guam Airport in the same occupational position as Plaintiff.
> 11.     The discrimination of Plaintiff has directly and proximately caused Plaintiff to suffer injury to Plaintiff causing Plaintiff mental distress, loss of opportunity and other damages both general and specific which will be proven at time of trial.

(Compl. at ¶¶ 6-7, 9-10.)

Aside from the legal conclusions stated in paragraphs 10 and 11, these allegations do not describe an adverse employment action.  Plaintiff alleges that she was not allowed to participate in the transportation of a male arrestee because of her sex (Compl. at ¶¶ 6-7), but she

1  fails to make any allegation that she suffered an adverse employment action.  Indeed, she
2  provides no facts whatsoever to show how not being allowed to transport a male arrestee on a
3  single occasion can possibly constitute "a materially adverse change" in the terms and
4  conditions of employment for which relief may be granted under Title VII.

5      Plaintiff does not allege she was demoted, terminated, transferred, or otherwise suffered
6  a reduction in benefits.  Nor does she contend that she was made to work an undesirable
7  assignment, forced to take on additional duties, or otherwise experienced a change in duties.
8  Instead, Plaintiff alleges merely that Mr. Tiong made a comment that "Plaintiff could not
9  perform the job duty as Plaintiff was a female person."  (Compl. at ¶ 7.)[1]  Even if all of
10 Plaintiff's factual allegations are true, Plaintiff has still not alleged acts that constitute an
11 adverse employment action.  Plaintiff's complaint should be dismissed.

12         2.      **Plaintiff fails to plead facts showing she is entitled to relief under a**
13                 **disparate impact theory**

14     A claim under disparate impact arises where a "practice, neutral on its face, is shown to
15 have a substantial, adverse impact on some group protected by Title VII...."  *Gay v. Waiters'*
16 *and Dairy Lunchmen's Union, Local No. 30*, 694 F.2d at 537.  Here, Plaintiff makes no
17 allegations about any facially neutral practice.  Indeed, her allegations relate to a single incident,
18 and a single incident cannot be relied upon to support a claim of disparate impact.  *Martinez v.*

### 3.	Plaintiff fails to plead facts showing she is entitled to relief under a hostile work environment theory

Plaintiff's minimal factual allegations do not support a claim of hostile work environment; however, because Plaintiff's single articulated cause of action is a generalized allegation that GIAA violated Title VII, it is necessary to briefly mention this third Title VII theory. In order to recover under a hostile work environment claim, a plaintiff must show that: "(1) she was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." *Bjornson v. Dave Smith Motors/Frontier Leasing and Sales,* 578 F. Supp. 2d 1269, 1276 (D. Idaho 2008).

Here, Plaintiff's allegations refer to a single incident and it is well-settled that isolated incidents are not sufficient to establish a claim of hostile work environment. *See Farragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662 (1998) ("[I]solated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.") (internal quotations omitted). *Also see Clark County School Dist. v. Breeden,* 532 U.S. 268, 271, 121 S.Ct. 1508, 1510, 149 L.Ed.2d 509 (2001); *Lum v. Kauai County Council,* 2007 WL 3408003 (D. Hawaii 2007) (isolated incident insufficient to violate Title VII). Because Plaintiff alleges only a single incident, to the extent Plaintiff intended for her complaint to constitute a claim for hostile work environment, she has failed to state any such claim and her complaint should be dismissed.

### B.	Plaintiff fails to State a Claim for Age Discrimination under the Age Discrimination in Employment Act

Plaintiff attempts to invoke the Court's jurisdiction pursuant to the ADEA, but she fails to allege any facts that would support a claim under the ADEA. The ADEA prohibits discrimination "against an employee 40 years of age or older." *Longariello v. Phoenix Union High School,* 2009 WL 4827014 (D. Arizona 2009) (*citing* 29 U.S.C. § 623(a)). Nowhere in her

complaint does Plaintiff allege that she is a member of the class of individuals protected under the ADEA. Thus, any ADEA claim in Plaintiff's complaint should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the court should grant Defendant GIAA's motion and Plaintiff's complaint should be dismissed with prejudice.

Dated this 6th day of July, 2010.

CALVO & CLARK, LLP
Attorneys for Defendant
ANTONIO B. WON PAT INTERNATIONAL
AIRPORT AUTHORITY, GUAM

By: _____
SOPHIA SANTOS DIAZ