# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| **CITADEL T. SABLAN**, <br><br> Plaintiff, <br><br> vs. <br><br> **A.B. WON PAT INTERNATIONAL AIRPORT AUTHORITY, GUAM,** <br><br> Defendant. | Civil Case No. 10-00013 <br><br> **OPINION AND ORDER RE: MOTION TO DISMISS** |

Before the court is the "Motion to Dismiss" filed by Defendant A.B WON PAT INTERNATIONAL AIRPORT AUTHORITY, GUAM. *See* Docket No. 3. For the reasons given below, the court hereby **GRANTS** that motion in its entirety.

## I. BACKGROUND

The facts in this case are as follows.[1] Plaintiff CITADEL T. SABLAN is an employee of Defendant A.B. WON PAT INTERNATIONAL AIRPORT AUTHORITY, GUAM ("the Airport"). *See* Docket No. 1 ("the Complaint") at ¶4. The Complaint does not indicate what specific position she holds.

On December 13, 2008, someone asked Plaintiff to help an Airport police officer transport a male arrestee. *See* Docket No. 1 at ¶6. At some time later, though, a supervisor in the Airport police told Plaintiff that she could not carry out this duty, because she is female. *See id.* at ¶7.

Plaintiff complained of this action to the Equal Employment Opportunity Commission

---

[1] This statement of facts is based on the complaint. *See* Docket No. 1. On a motion to dismiss, the court must take as true all factual allegations underlying or contained in the claims under attack. *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

("EEOC"). *See* Docket No. 1 at ¶8; *see also id*., Exh. 1. The EEOC "determined that there is reasonable cause to believe that [Plaintiff] was denied terms & [*sic*] conditions of employment because she is female." *See id*., Exh. 1. The EEOC also invited the parties to engage in "conciliation discussions." *See id*. However, these discussions either did not take place or bore no fruit, because the Department of Justice later authorized Plaintiff to file a lawsuit to vindicate her claims. *See id*., Exh. 2. Plaintiff did so on June 7, 2010. *See generally* Docket No. 1.

On July 6, 2010, Defendant moved to dismiss the Complaint. *See* Docket No. 3 ("the Motion"); *see also* Docket Nos. 4, 5 (related materials). On August 2, 2010, Plaintiff opposed the Motion. *See* Docket No. 9. Finally, Defendant replied in support of its Motion on August 16, 2010. *See* Docket No. 10.

## II. JURISDICTION AND VENUE

The claims are within the court's federal question jurisdiction. *See* 28 U.S.C. § 1331; *cf.* 42 U.S.C. § 2000e-5(f)(3). Venue is proper in this judicial district, the District of Guam, because Defendant resides here and because a substantial part of the events or omissions giving rise to the claim occurred here. *See* 28 U.S.C. § 1391(b)(1), -(2); *cf.* 42 U.S.C. § 2000e-5(f)(3).

## III. APPLICABLE STANDARDS

A pleading that states a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a Defendant to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

Although a complaint does not need "detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And although the court "must take all of the factual allegations in the complaint as true, [the court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009)

(quotation marks omitted). So, to survive a 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)).

*Iqbal* suggests a two-step process for determining whether a motion to dismiss should be granted. The first step is to "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S. Ct. at 1950. These are to be discarded. *See id*. After discarding those unsupported legal conclusions, the second step is to take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

As for the meaning of the term "plausibly," "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

This standard

> . . . is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. And this standard applies to "all civil actions"—"antitrust and discrimination suits alike." *Id*. at 1953.

In short, "a complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face.'" *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

**IV. DISCUSSION**

The Complaint implicates two statutory schemes: Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). *See* Docket No. 1 at ¶1.

Title VII makes it illegal for an employer:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1), -(2).

The ADEA tracks the language of Title VII and proscribes the same discriminatory conduct when the discrimination is based on the individual's age. *See* 29 U.S.C. § 623(a)(1), -(2).

"A plaintiff may show violations of these statutes [*i.e.*, Title VII or the ADEA] by proving disparate treatment or disparate impact, or by proving the existence of a hostile work environment." *Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991), *superseded by statute on other grounds as recognized in Dominguez-Curry v. Nevada Transportation Dept.*, 424 F.3d 1027, 1041 (9th Cir. 2005).

Thus, under both statutory schemes, there are three sub-theories on which Plaintiff could proceed: (1) disparate treatment; (2) disparate impact; and (3) hostile work environment.

Finally, there is some uncertainty about how claims under Title VII and the ADEA should be evaluated in the context of a Rule 12(b)(6) motion to dismiss.

For both statutory schemes, each of the three sub-theories has a set of elements that establish a *prima facie* case. *See*, *e.g.*, *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (elements of *prima facie* disparate treatment case under Title VII); *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1207 (9th Cir. 2008) (elements of *prima facie* disparate treatment case under the ADEA). And in 2002, the Supreme Court held that an employment discrimination plaintiff—proceeding under Title VII and under the ADEA—need *not* plead a *prima facie* case in order to survive a Rule 12(b)(6) motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).

*Twombly* and *Iqbal* confused matters. In those cases, of course, the Supreme Court announced and refined the "plausibility standard" of pleading, under which a complaint cannot survive a Rule 12(b)(6) motion to dismiss unless it contains "well-pleaded facts" that are not "merely consistent with" a defendant's liability but positively "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949-50. Although neither case expressly overruled *Swierkiewicz*,[2] it was immediately clear that it would be hard to put the plausibility standard into practice without requiring of an employment discrimination complaint exactly what *Swierkiewicz* said that Rule 8 *did not* require.

For this reason, at least one federal appellate court has concluded that *Twombly* and *Iqbal* overruled *Swierkiewicz sub silentio*. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("We have to conclude, therefore, that because *Conley* has been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiewicz*, at least insofar as it concerns pleading requirements and relies on *Conley*.); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 407-412 (7th Cir. 2010) (Posner, J., dissenting). Many scholarly observers have agreed. *See*, *e.g.*, Suzanna Sherry, *Foundational Facts and Doctrinal Change*, 2011 U. ILL. L. REV. ___ (forthcoming 2011), *available at* http://papers.ssrn.com/sol3/papers.cfm?abstract_id=1577247 (thinking express overruling of *Swierkiewicz* likely in the next few years, because "*Swierkiewicz* is clearly in the crosshairs"); A. Benjamin Spencer, *Plausibility Pleading*, 49 B.C. L. REV. 431, 476 (2008) ("[t]he plausibility pleading standard announced by the Court in *Twombly* is no different from the Second Circuit's heightened pleading standard that the Court rejected in *Swierkiewicz*"); Suja A. Thomas, *The New Summary Judgment Motion: The Motion to Dismiss Under* Iqbal *and* Twombly, 14 LEWIS & CLARK L. REV. 15, 35 (2010) (suggesting that "employment discrimination plaintiffs will effectively need to plead a *prima facie* case and possibly more to survive a motion to dismiss," because "it can be reasoned that based on the language in *Swierkiewicz*, *Iqbal*, and *Twombly*, and based on the similarities in the summary judgment and motion to dismiss standards that *Swierkiewicz*

---

[2] *Twombly* reaffirmed the substance of *Swierkiewicz* (*see Twombly*, 550 U.S. at 569-570), while *Iqbal* did not mention that case—a curious omission, since *Iqbal* was itself a discrimination case.

effectively does not survive").

Most courts have not gone so far, because lower-court judges are not to deem a Supreme Court decision overruled *sub silentio*, even if it is plainly inconsistent with a later one. *See*, *e.g.*, *Agostini v. Felton*, 521 U.S. 203, 237 (1997). They have instead struggled to reconcile *Swierkiewicz* with plausibility pleading.

Now, when evaluating employment discrimination complaints in the context of a Rule 12(b)(6) motion to dismiss, district courts in the Ninth Circuit are proceeding on the premise that although it may not be *necessary* that the complaint have facts constituting all the elements of a *prima facie* in order to survive the motion to dismiss, those elements are nonetheless *relevant* to the court's analysis of the sufficiency of the complaint. *See*, *e.g.*, *Webb v. County of Trinity*, ___ F. Supp. 2d ___, 2010 WL 3210768, at *6 (E.D. Cal. Aug. 10, 2010) (looking to elements of *prima facie* employment discrimination case in analyzing Rule 12(b)(6) motion to dismiss); *Monaghan v. El Dorado County Water Agency*, No. 2:10-CV-0434 FCD GGH, 2010 WL 3033780, at *4-5 (E.D. Cal. Jul. 30, 2010) (same); *O'Donnell v. U.S. Bancorp Equipment Finance, Inc.*, No. C10-0941 TEH, 2010 WL 2198203, at *2-3 (N.D. Cal. May 28, 2010) (same); *Rezentes v. Sears, Roebuck & Co.*, Civ. No. 10-00054 SOM/KSC, 2010 WL 1905011, at *5 (D. Haw. May 10, 2010) (same). This is consistent with what many other district courts are doing. *See*, *e.g.*, *Anh Truong v. Dart Container Corp.*, Civil Action No. 09-3348, 2010 WL 4237944, at *3-4 (E.D. Pa. Oct. 26, 2010) (looking to elements of *prima facie* employment discrimination case in analyzing Rule 12(b)(6) motion to dismiss); *Ferdinand-Davenport v. Children's Guild*, ___F. Supp. 2d ___, 2010 WL 3911060, at *5 (D. Md. Oct. 6, 2010) (same); *Jackson v. New York State Dept. of Labor*, 709 F. Supp. 2d 218, 226-28 (S.D.N.Y. 2010) (same); *Doverspike v. Intern. Ordinance Technologies*, No. 09-CV-00473F, 2010 WL 986513, at *4 (W.D.N.Y. Mar. 17, 2010) (same); *Chacko v. Worldwide Flight Services, Inc.*, No. 08-CV-2363 (NGG)(JO), 2010 WL 424025, at *3 (E.D.N.Y. Feb. 3, 2010) (same).

Common to all these cases is the recognition that although the elements of a *prima facie* employment discrimination case constitute "an evidentiary standard, not a pleading requirement" (*Swierkiewicz*, 534 U.S. at 514), *Twombly* and *Iqbal* have indisputably pushed pleading standards

a bit back in the direction of fact pleading. Courts therefore *must* look at a complaint in light of the relevant "evidentiary standard," in order to decide whether it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The idea, then, is not that *Swierkiewicz* has been overruled, but rather that, after *Twombly* and *Iqbal*, an employment discrimination plaintiff must get closer to alleging a *prima facie* case than was necessary a few years ago.

With those principles in view, the court turns to the Complaint.

### A. Title VII

Title VII proscribes several types of discrimination. *See generally* 42 U.S.C. § 2000e-2(a)(1), -(2) (citing discrimination based on race, color, religion, sex, or national origin). Plaintiff's Title VII claim is based on sex discrimination. *See* Docket No. 1 at ¶10.

#### 1. *Disparate Treatment*

The elements of a *prima facie* disparate treatment case are as follows: (1) Plaintiff belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *See Davis*, 520 F.3d at 1089. And, as stated above, while a plaintiff need not allege facts constituting all elements of a *prima facie* disparate treatment case in order to survive a motion to dismiss, courts are now looking to those elements to analyze a motion to dismiss—so as to decide, in the light of "judicial experience and common sense," whether the challenged complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 570).

##### i. **Protected class**

Plaintiff alleges facts showing that she is a member of a protected class. *See* Docket No. 1 at ¶7. This element is adequately alleged.

##### ii. **Qualification for position**

Plaintiff alleges no facts suggesting that she is qualified for her position. In fact, Plaintiff does not even allege what position she holds; she merely alleges that she is "an employee" of the

Airport.³ Docket No. 1 at ¶4. There is no factual matter alleged in the Complaint from which the court could infer that Plaintiff is qualified for her position. Therefore, this element is not adequately alleged.

### iii. Adverse employment action

In Title VII disparate treatment cases, "[a]n action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment." 9th Cir. Model Civ. Jury Instr. 10.4A2 ("Adverse Employment Action" in Disparate Treatment Cases) (citing *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1126 (9th Cir. 2000)). *See also Davis*, 520 F.3d at 1089 (defining "adverse employment action" as "one that materially affect[s] the compensation, terms, conditions, or privileges of employment") (quotation marks and ellipsis omitted). *Cf.* 9th Cir. Model Civ. Jury Instr. 10.4A1 ("Adverse Employment Action" in Retaliation Cases).

Cases flesh out this definition. "Among those employment decisions that can constitute an adverse employment action are termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). "[A]ssigning more, or more burdensome, work responsibilities, is [also] an adverse employment action." *Davis*, 520 F.3d at 1089 (citing *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 818-19 (9th Cir. 2002)). By contrast, an employer's failure to respond to grievances is not an adverse employment action, because "it [does] not materially affect the compensation, terms, conditions, or privileges of . . . employment." *Chuang*, 225 F.3d at 1126. *See also Kortan v. California Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000) (no adverse employment action where the plaintiff "was not demoted, was not stripped of work responsibilities, was not handed different or more burdensome work responsibilities, was not fired or suspended, was not denied any raises, and was not reduced in salary or in any other benefit").

Here, Plaintiff does not allege facts showing an adverse employment action. The only action

---

³ While it seems that Plaintiff is some kind of police officer, "[i]t is not, however, proper to assume that [she] can prove facts that [she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Plaintiff complains of is being told she could not help transport a male arrestee because she is female. *See* Docket No. 1 at ¶¶6-7. Plaintiff does not allege that this sort of work is within her usual job duties, because she does not allege what position she holds, let alone what her usual job duties are. *See* Section IV(A)(1)(ii), "Qualification for position," *supra*. While the complained-of action *may* constitute being "stripped of work responsibilities" or being "handed different or more burdensome work responsibilities," the court cannot reach this conclusion, absent well-plead facts going to (1) what her usual job duties are, and (2) the duration of the change (*i.e.*, whether her duties and responsibilities were permanently altered, or whether this was a one-time event).

Thus, as far as her allegations go, Plaintiff "was not demoted, was not stripped of work responsibilities, was not handed different or more burdensome work responsibilities, was not fired or suspended, was not denied any raises, and was not reduced in salary or in any other benefit." *Kortan*, 217 F.3d at 1113. Accordingly, there is no factual matter alleged in the Complaint from which the court could infer that Plaintiff suffered an adverse employment action. Therefore, this element is not adequately alleged.

      **iv. More favorable treatment to comparable employees outside of protected class**

Plaintiff does not allege that similarly situated individuals outside her protected class were treated more favorably. She does not allege that *anyone* completed the assignment, let alone a male employee. Therefore, this element is not adequately alleged.

In sum, as to her Title VII disparate treatment claim, the only element Plaintiff adequately alleges is her membership in a protected class. There are no well-plead facts suggesting that she was qualified for her position, that she was subject to an adverse employment action, or that similarly situated individuals outside her protected class were treated more favorably. *See Davis*, 520 F.3d at 1089. Although a plaintiff need not allege facts constituting all elements of a *prima facie* disparate treatment case in order to survive a motion to dismiss, the challenged complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 570)). Absent so many elements

of the *prima facie* case—elements, moreover, that depend on factual matter that is surely within Plaintiff's possession (*i.e.*, her job title, her qualifications, her job duties, etc.)—the Complaint fails to state a claim to relief that is plausible on its face. Accordingly, the Complaint is dismissed, so far as it purports to articulate a disparate treatment theory under Title VII.

### 2. *Disparate Impact*

"To establish a *prima facie* case of disparate impact under Title VII, [Plaintiff] must: (1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1190 (9th Cir. 2002). The focus in a disparate impact case is usually "on statistical disparities, rather than specific incidents, and on competing explanations for those disparities." *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 987 (1988).

The Complaint concerns Plaintiff only; it does not mention a larger protected class (let alone any impact or harm that class may be suffering), and it does not mention any specific employment practices or selection criteria. It therefore does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Accordingly, the Complaint is dismissed, so far as it purports to articulate a disparate impact theory under Title VII.

### 3. *Hostile Work Environment*

"To make a *prima facie* case of a hostile work environment, a [Title VII plaintiff] must show that: (1) she was subjected to verbal or physical conduct of a sexual nature; (2) this conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1055 (9th Cir. 2007) (quotation marks omitted). "Additionally, '[t]he working environment must both subjectively and objectively be perceived as abusive.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 20-21 (1993)). "Finally, to find a violation of Title VII, 'conduct must be extreme to amount to a change in the terms and conditions of employment.'" *Id.* (quoting

*Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* (citing *Faragher*, 524 U.S. at 788). "If a single incident can ever suffice to support a hostile work environment claim, the incident must be extremely severe." *Brooks*, 229 F.3d at 926.

In short, "[w]orkplace conduct is not measured in isolation; instead, whether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Clark County School Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001) (quotation marks omitted).

### i. Verbal or physical conduct of a sexual nature

The only conduct at issue here is a single statement, in which a Guam Airport Police Acting Supervisor told Plaintiff that she could not carry out a certain task because she is female. *See* Docket No. 1 at ¶7.

While the statement clearly implicates Plaintiff's gender, it does not appear to be "conduct of a sexual nature" of the sort actionable on a Title VII hostile work environment theory. In the cases, "conduct of a sexual nature" is something more like outright sexual harassment, consisting in actions related to sexual attraction, and derogatory, abusive language directed at women because they are women. *See*, *e.g.*, *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 967-68 (9th Cir. 2002) (involving a plaintiff who was raped three times in one night by a business associate whose actions were essentially condoned by the employer); *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1105-06 (9th Cir. 1998) (involving an employee who made sexual remarks to a female co-worker over the loudspeakers at work and commented about her body to male co-workers); *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1527-28 (9th Cir. 1995) (reversing a grant of summary judgment for the defendant city, finding that the behavior of plaintiff's ex-boyfriend—repeatedly calling her house and hanging up, threatening to kill himself, running her off the road and getting

her unlisted number—constituted an actionable claim under Title VII). *See also* 9th Cir. Model Civ. Jury Instr. 10.2A (Elements of Harassment in Title VII Hostile Work Environment cases) (giving "sexual advances" and "requests for sexual conduct" as examples of "verbal or physical conduct of a sexual nature").

The sole action Plaintiff complaints of does not resemble "verbal or physical conduct of a sexual nature" within the meaning of a Title VII hostile work environment theory. Accordingly, there is no factual matter alleged in the Complaint from which the court could infer that Plaintiff was subject to such conduct. Therefore, this element is not adequately alleged.

### ii. Unwelcomeness of conduct

Since (as discussed immediately above) Plaintiff has not alleged any "verbal or physical conduct of a sexual nature" within the meaning of a Title VII hostile work environment theory, there was no such conduct to be welcome or unwelcome. Therefore, this element is not adequately alleged.

### iii. Sufficiently severe or pervasive to alter conditions of employment and create an abusive working environment

Again, the complained-of conduct does not seem to be "verbal or physical conduct of a sexual nature" within the meaning of a Title VII hostile work environment theory. *See* Section IV(A)(3)(i), "Verbal or physical conduct of a sexual nature," *supra*. Even if it were, it was not pervasive, as it only occurred once. While it is *possible* that the statement altered Plaintiff's conditions of employment, there are no well-plead facts that would permit the court to infer this. *See* Section IV(A)(1)(iii), "Adverse employment action," *supra*. Therefore, this element is not adequately alleged.

In sum, as to her Title VII hostile work environment claim, Plaintiff does not adequately allege any of the basic elements. There are no well-plead facts suggesting that she was subjected to verbal or physical conduct of a sexual nature, that any such conduct was unwelcome, or that any such conduct was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment. *See Craig*, 496 F.3d at 1055. Although a plaintiff need not allege

facts constituting all elements of a *prima facie* hostile work environment case in order to survive a motion to dismiss, the challenged complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 570)). Absent all such elements, the Complaint fails to state a claim to relief that is plausible on its face. Accordingly, the Complaint is dismissed, so far as it purports to articulate a hostile work environment theory under Title VII.

### B. ADEA

Insofar as the Motion concerns Plaintiff's ADEA claim, no detailed analysis is needed. The Complaint has no factual allegations regarding age—it even fails to allege *Plaintiff's* age. *See generally* Docket No. 1. This makes it impossible for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Moreover, Plaintiff failed to oppose dismissal of her ADEA claim. *See* Docket No. 10 at 2 n.1; *cf.* Docket No. 4. As such, the Motion is deemed unopposed on this point. *See* Local Rule LR 7.1(f). Therefore, the Complaint is dismissed, so far as it purports to articulate a claim under the ADEA.

## V. CONCLUSION

As indicated above, the Motion is **GRANTED**, with the Complaint **DISMISSED** in its entirety.[4]

Rule 15(a) of the Federal Rules of Civil Procedure governs pre-trial amendments to the pleadings. *See* FED. R. CIV. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quotation marks omitted). But "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id*.

\\

---

[4] It is important to note, yet again, this is *not* because Plaintiff does not fully allege *prima facie* cases under Title VII and ADEA. *See Swierkiewicz*, 534 U.S. at 515. Rather, this is because the Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 570)).

Defendant suggests that amendment would be futile, but the argument is not persuasive. *See* Docket No. 10 at 4:12-26. No other basis for denying leave to amend exists. Accordingly, leave to amend is **GRANTED**.

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
 Chief Judge
**Dated: Dec 09, 2010**